

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# Charles v. Tina D'Angelo Inc

Precedential or Non-Precedential:

Docket 99-1598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Charles v. Tina D'Angelo Inc" (2002). *2002 Decisions.* Paper 59.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/59

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 99–1598
_____

TRYONE A. CHARLES

v.

TINA D'ANGELO, INC., d/b/a TINA'S BRIDAL BOUTIQUE;
LEE WYCOFF, EXECUTOR OF THE ESTATE OF
TINA D'ANGELO–WYCOFF, DECEASED; LEE WYCOFF

Appellants.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 97–cv–04113)
District Judge:  The Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 22, 2002

BEFORE: NYGAARD and STAPLETON,  Circuit Judges,
and CAPUTO, District Judge.


    (Filed                                                    )

_____

MEMORANDUM OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

        Tyrone A. Charles filed a complaint against appellants contending that they
breached, or illegally ended, a contract with him because of his race.  He is African–
American.  A jury returned a verdict in favor of appellants and against Charles.
Appellants filed a petition to amend the judgment to add an award of attorney's fees

pursuant to 42 U.S.C.   1988.  The District Court denied their petition. We review this denial for an abuse of discretion.  Finding none, we will affirm.

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. 1988, permits the court to award attorney's fees to the "prevailing party" in suits brought under the federal civil rights statutes.  The district courts have been given discretion to decide whether, in their judgment, a plaintiff's claim was frivolous or groundless.  In this matter, the District Court compared the "thrust of the plaintiff's contention" with the evidence he adduced at trial, and concluded that attorney's fees were not indicated.  We believe the decision was within the Court's discretion, see no abuse, and will affirm.

TO THE CLERK:

Please file the foregoing opinion.


Richard L. Nygaard
Circuit Judge